UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KEITH WESLEY EDWARDS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-1026-G |
| | ) |
| **FORREST "BUTCH" FREEMAN,** | ) |
| Oklahoma County Treasurer, | ) |
| | ) |
| Defendant. | ) |

## ORDER

In this action, Plaintiff Keith Wesley Edwards, appearing pro se, brings claims against Defendant, Oklahoma County Treasurer Forrest "Butch" Freeman, for violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983. *See* Compl. (Doc. No. 1) at 3, 6-8. Now before the Court is Defendant's Motion to Dismiss (Doc. No. 6). Plaintiff has responded in opposition (Doc. No. 8), and Defendant has replied (Doc. No. 10).

I.   *Summary of the Pleading*

In his Complaint, Plaintiff alleges:

Plaintiff owed delinquent taxes of $8620.54 on his real property in Oklahoma County, Oklahoma ("the Subject Property"). *See* Compl. at 6.[1] After Plaintiff fell behind on his property taxes, Defendant, "the official tax collector" acting on behalf of the County

---

[1] Plaintiff has submitted a "Motion for Judicial Notice," to which several exhibits are attached. In light of Plaintiff's pro se status, the Court GRANTS the Motion (Doc. No. 7) to the extent that the Court will consider the filing as a supplement to the Complaint.

and pursuant to Oklahoma law, foreclosed on the Subject Property and "conducted a Sheriff sale to recover the debt." *Id.*

The Subject Property sold for $155,400.00 on or about June 11, 2024. *Id.* "The Treasurer received the funds, issued a tax deed to the buyer, and kept the delinquent tax amount." *Id.*; *see* Pl.'s Ex. 1 (Doc. No. 7-1) (letter from Defendant to Plaintiff stating: "In selling the property, we received $146,779.46 over the amount needed for payment of delinquent taxes due Oklahoma County. As required by law, this money . . . will be paid to you upon request in the office of the Oklahoma County Treasurer.").

Plaintiff has requested that the remaining funds of $146,779.46 (the "Excess Funds") be returned to him. *See* Compl. at 6. Despite providing identification and proof of ownership, his attempts to claim the Excess Funds have been unsuccessful. *See id.* ("The Treasurer has not responded to [Plaintiff's] requests, including a certified letter. Defendant has deliberately held funds that are not the Defendant[']s."); *see also* Pl.'s Ex. 2 (Doc. No. 7-2) (letter from Plaintiff to Defendant requesting the Excess Funds dated September 12, 2024, and marked "Sent Certified mail").

Plaintiff's inability to access the Excess Funds has left him homeless and with an injury to his self-worth. Compl. at 7.

Plaintiff seeks the immediate release of the Excess Funds, as well as compensatory and punitive damages, interest, costs, and attorney's fees. *See id.* at 7-8.

II.   *Standard of Review*

Defendant seeks dismissal of Plaintiff's constitutional claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be

granted.  *See* Def.'s Mot. to Dismiss at 4-8.  In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff."  *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).  "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim."  *Id.* at 1192.

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (footnote and citation omitted).  Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

III.   Discussion

Liberally construed, Plaintiff claims that Defendant's actions constitute: (1) an unconstitutional taking by state officials, in violation of the Fifth and Fourteenth Amendments; (2) an unconstitutional excessive fine under the Eighth Amendment; and (3) a procedural due process violation under the Fourteenth Amendment.  *See* Compl. at 3;

3

Compl. Suppl. at 1-3, 6. Plaintiff brings these federal claims pursuant to 42 U.S.C. § 1983, a "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). To succeed on a claim under § 1983, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that the violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendant's Motion does not discuss the Fifth, Eighth, or Fourteenth Amendments or the required elements to plead violations of those Amendments. Nor does Defendant address Plaintiff's contention that his request for the Excess Funds has been improperly ignored. Rather, Defendant argues that Plaintiff has not shown the violation of a constitutional right because the State's repayment procedures "meet all requirements heretofore imposed by federal constitutional rights or claims." Def.'s Mot. to Dismiss at 6. Defendant characterizes Plaintiff's Complaint as alleging the violation of a constitutional right "to demand money from government accounts instantly and immediately rather than when authorized by statute." Def.'s Reply at 1. Defendant contends that because no such constitutional right exists Plaintiff has not plausibly alleged a claim for relief. *See id.* at 2; Def.'s Mot. to Dismiss at 7.[2]

---

[2] Defendant's Motion presents numerous alleged facts in support of dismissal but does not address how any such non-pleading fact would be properly considered by the Court in disposing of a Rule 12(b)(6) motion. In addition to being extraneous to the pleading, many of Defendant's referenced facts are supported only by counsel's argument. The Court declines to convert Defendant's Motion to a motion for summary judgment and has excluded such proposed facts from consideration.

Defendant's focus upon the presumed validity of the State's repayment procedures—as well as Defendant's generic discussion of property tax statutes—entirely ignores the specific allegations set forth in the Complaint as support for the claim that Defendant's conduct as to the Subject Property, and failure to follow the County's own procedures, violated Plaintiff's constitutional rights. Relatedly, Defendant's attempt to dispute the accuracy of the Complaint's allegations is inconsistent with the Court's obligation to "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff." *Burnett*, 706 F.3d at 1235. Stated differently, the Motion to Dismiss fails to explain why the pleading allegations, if true, would not prove that Defendant "subjected" Plaintiff, or "caused [Plaintiff] to be subjected," "to a deprivation of his legal rights." *Porro v. Barnes*, 624 F.3d 1322, 1327 (10th Cir. 2010) (alterations, emphasis, and internal quotation marks omitted); *see also West*, 487 U.S. at 48. Defendant therefore has not shown that he is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

Defendant's Motion to Dismiss (Doc. No. 6) is DENIED.

Plaintiff's Motion for Judicial Notice (Doc. No. 7) is GRANTED as outlined herein. Plaintiff's Motion for Status Conference (Doc. No. 12) is DENIED; however, the Court will set this matter for a status and scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Civil Rule 16.1(b) upon the next available docket.

IT IS SO ORDERED this 22nd day of September, 2025.

CHARLES B. GOODWIN
United States District Judge