UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KEITH WESLEY EDWARDS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-24-1026-G |
| ) | |
| **FORREST "BUTCH" FREEMAN,** ) | |
| Oklahoma County Treasurer, ) | |
| ) | |
| **Defendant.** ) | |

# **ORDER**

Plaintiff Keith Wesley Edwards initiated this action on October 2, 2024, alleging violations of his Fifth, Eighth, and Fourteenth Amendment rights. *See* Compl. (Doc. No. 1). Because Plaintiff has failed to comply with this Court's orders and applicable rules, the Court now dismisses the action without prejudice.

*I.     Background*

On October 29, 2025, the Court held a status and scheduling conference in this matter. *See* Doc. No. 15. Plaintiff failed to attend the conference or contact the Court regarding his absence. Plaintiff further failed to participate in the preparation or submission of the joint status report as prescribed by the Federal Rules of Civil Procedure and the Court's Local Civil Rules.

On October 31, 2025, the Court ordered Plaintiff to show cause within seven (7) days for his failure to attend the conference. *See* Order to Show Cause (Doc. No. 17). The Court's show cause order was mailed to Plaintiff at his address of record. Plaintiff failed

to thereafter file a response, request an extension of time, or otherwise communicate with the Court.

On December 4, 2025, the Court issued a subsequent order directing Plaintiff to show cause within seven days why this action should not be dismissed for failure to prosecute and failure to comply with the Court's order of October 31, 2025. *See* Second Order to Show Cause (Doc. No. 18). The order was mailed to Plaintiff at his address of record. As of this date, Plaintiff has not filed a response, requested an extension of time to comply, or otherwise contacted the Court regarding this action.

II.    *Discussion*

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Sup. Ct. of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Plaintiff's failure to prosecute this action and to comply with the Court's orders leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative).

CONCLUSION

Accordingly, this action is DISMISSED WITHOUT PREJUDICE. A separate judgment shall be entered.

IT IS SO ORDERED this 15th day of January, 2026.

_____
CHARLES B. GOODWIN
United States District Judge